16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marie CLARK, Plaintiff-Appellant,
v.
The GREAT-WEST LIFE ASSURANCE COMPANY, Defendant-Appellee.
 No. 92-2479.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1994.
 
 Before: KEITH and JONES Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant Marie Clark ("Clark") in this disability benefits case appeals the district court's grant of summary judgment in favor of Defendant-Appellee The Great-West Life Assurance Company ("Great-West").
 
 
 2
 In 1985, Clark, a former employee and purchasing secretary for the Edward C. Levy Company ("Levy"), claimed total disability seeking benefits pursuant to Levy's disability benefit plan. Levy's disability plan provided long term disability benefits for Levy employees pursuant to a contract with Appellee Great-West. Clark received benefits under the employee benefit plan during 1985 and 1986.
 
 
 3
 In October 1986, the Social Security Administration ("SSA") denied Clark's claim for Social Security disability benefits. Great-West, although aware SSA denied Clark benefits, continued providing benefits to Clark until December 1987. In April 1987, Great-West requested medical documentation from Clark's attending physician ("Dr. Ortiz") detailing whether Clark was disabled from any "occupation or employment." Great-West also arranged for an independent examination of Clark. Based upon reports from both physicians indicating Clark was not totally disabled, Great-West determined Clark was ineligible for continued benefits under the employee plan. Clark failed to request a timely reconsideration of this decision.
 
 
 4
 After the SSA reversed its prior denial of benefits, Great-West again requested medical documentation from Clark. Great-West advised Clark that in order to qualify for total disability benefits she must provide medical documentation establishing that she was unable to work. Although Great-West asked both Clark and Dr. Ortiz to provide this documentation on several occaisions, neither provided sufficient documentation of total disability.
 
 
 5
 In 1990 Clark filed a complaint in the United States District Court for the Eastern District of Michigan seeking reconsideration of Great-West's denial of benefits. Great-West moved for summary judgment. In a well reasoned opinion, the district court granted summary judgment in favor of Great-West finding no genuine issue of fact existed as to whether Great-West properly terminated Clark's benefits. Clark filed a timely notice appealing the district court's decision.
 
 
 6
 Having carefully conducted a de novo review of the record and the issues presented at oral argument, we find no error warranting reversal. The district court correctly granted summary judgment in favor of Great-West. We, therefore, AFFIRM the judgment by the Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, for the reasons set forth in his October 30, 1992, Order granting Great-West's motion for summary judgment.